ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Steven D. Atkinson      State Bar No. 59094
Mark T. Palin           State Bar No. 135398
Christopher S. Milligan State Bar No. 211532
17871 Park Plaza Drive
Cerritos, California 90703-8597
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for Defendants CBC
FRAMING, INC. and JOHN VOJTECH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ MENDOZA, JAVIER CABRERA, AURELIANO FLORES,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN W. VOJTECH, CBC FRAMING, INC., A CALIFORNIA CORPORATION AND DOES 1-10,<br><br>Defendant. | CASE NO.: C08 01675 HRL<br><br>**DEFENDANT CBC FRAMING, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW Defendant CBC FRAMING, INC. ("Defendant"), answering for itself and no other party to Plaintiffs JESUS MARTINEZ MENDOZA, JAVIER CABRERA, and AURELIANO FLORES's ("Plaintiff") Complaint for Damages (the "Complaint") as follows:

### NATURE OF CLAIM

Answering this initial paragraph, Defendant denies that Plaintiffs are owed overtime under either the Fair Labor Standards Act or the California Wage Orders and statutes, or that it is liable for any unpaid wages, damages, liquidated damages, penalties, attorneys' fees, costs, prejudgment interest and/or restitution

to Plaintiffs. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in this paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

## PARTIES

1.  Answering paragraph 1 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 1, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

2.  Answering paragraph 2 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 1, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

3.  Answering paragraph 3 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 1, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

4.  Answering paragraph 4 of the Complaint, Defendant alleges that it is a California corporation with offices in Canoga Park, California. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

5.  Answering paragraph 5 of the Complaint, Defendant alleges that Defendant John J. Vojtech is President of CBC Framing, Inc. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

6. Answering paragraph 6 of the Complaint, Defendant alleges that Defendant John J. Vojtech is President of CBC Framing, Inc. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

## VENUE

7. Answering paragraph 7 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 7, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

## GENERAL ALLEGATIONS

8. Answering paragraph 8 of the Complaint, Defendant alleges that Plaintiffs are former employees of Defendant CBC Framing, Inc. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

9. Answering paragraph 9 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

10. Answering paragraph 10 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

11. Answering paragraph 11 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

12. Answering paragraph 12 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations

contained in said paragraph.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION § 510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

13.  Answering paragraph 13 of the Complaint, Defendant makes reference to all of its prior answers to each and every paragraph incorporated by reference in paragraph 13 of the Complaint, and by this reference incorporates the same herein as though set forth in full.

14.  Answering paragraph 14 of the Complaint, Defendant alleges that Labor Code § 501 [sic] speaks for itself and is the best evidence of its contents. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

15.  Answering paragraph 15 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

16.  Answering paragraph 16 of the Complaint, Defendant alleges that Labor Code § 1194 speaks for itself and is the best evidence of its contents. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

17.  Answering paragraph 17 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

18.  Answering paragraph 18 of the Complaint, Defendant denies that it owes Plaintiffs any unpaid wages. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

19. Answering paragraph 19 of the Complaint, Defendant alleges that Labor Code §§ 510 and 1194 speak for themselves and are the best evidence of their respective contents. Except as expressly alleged herein, Defendant denies both generally and specifically the allegations contained in said paragraph.

20. Answering paragraph 20 of the Complaint, Defendant alleges that Labor Code § 1194 speaks for itself and is the best evidence of its contents. Defendant further denies that Plaintiffs are entitled to attorneys' fees and/or costs in this action. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

21. Answering paragraph 21 of the Complaint, Defendant makes reference to all of its prior answers to each and every paragraph incorporated by reference in paragraph 21 of the Complaint, and by this reference incorporates the same herein as though set forth in full.

22. Answering paragraph 22 of the Complaint, Defendant alleges that the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq., speak for themselves and are the best evidence of their respective contents. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

23. Answering paragraph 23 of the Complaint, Defendant alleges that 29 U.S.C. § 207, speaks for itself and is the best evidence of its contents. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that

1  basis, denies both generally and specifically the allegations contained in said
2  paragraph.

3      24.    Answering paragraph 24 of the Complaint, Defendant denies that
4  Plaintiffs regularly worked in excess of forty hours per week or that it owes
5  Plaintiffs any alleged unpaid wages. Except as expressly alleged herein,
6  Defendant lacks sufficient information and belief to admit or deny the remaining
7  allegations contained in said paragraph, and on that basis, denies both generally
8  and specifically the allegations contained in said paragraph.

9      25.    Answering paragraph 25 of the Complaint, Defendant denies both
10 generally and specifically the allegations contained in said paragraph.

11     26.    Answering paragraph 26 of the Complaint, Defendant denies both
12 generally and specifically the allegations contained in said paragraph.

13     27.    Answering paragraph 27 of the Complaint, Defendant alleges that 29
14 U.S.C. § 216(b), speaks for itself and is the best evidence of its contents. Except
15 as expressly alleged herein, Defendant denies both generally and specifically the
16 allegations contained in said paragraph.

17     28.    Answering paragraph 28 of the Complaint, Defendant denies both
18 generally and specifically the allegations contained in said paragraph.

19     29.    Answering paragraph 29 of the Complaint, Defendant alleges that 29
20 U.S.C. § 216(b), speaks for itself and is the best evidence of its contents. Except
21 as expressly alleged herein, Defendant denies both generally and specifically the
22 allegations contained in said paragraph.

23 **COUNT THREE: VIOLAITON [SIC] OF CA LABOR**
24 **CODE SECTION 201**
25 **FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES**

26     30.    Answering paragraph 30 of the Complaint, Defendant makes
27 reference to all of its prior answers to each and every paragraph incorporated by
28 reference in paragraph 30 of the Complaint, and by this reference incorporates the

-6-
DEFENDANT CBC FRAMING, INC.'S ANSWER TO PLAINTIFFS'
UNVERIFIED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  same herein as though set forth in full.

2  31.  Answering paragraph 31 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

3  32.  Answering paragraph 32 of the Complaint, Defendant alleges that Labor Code §§ 201 and 203, speak for themselves and are the best evidence of their respective contents. Except as expressly alleged herein, Defendant denies both generally and specifically the allegations contained in said paragraph.

4  33.  Answering paragraph 33 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

5  34.  Answering paragraph 34 of the Complaint, Defendant alleges that Labor Code § 218.5 speaks for itself and is the best evidence of its contents. Except as expressly alleged herein, Defendant denies both generally and specifically the allegations contained in said paragraph.

6  35.  Answering paragraph 35 of the Complaint, Defendant alleges that Labor Code § 218.6 speaks for itself and is the best evidence of its contents. Defendant further denies that Plaintiffs are owed any alleged unpaid wages and therefore denies that Plaintiffs are entitled to an award of interest. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE § 17200 UNFAIR BUSINESS PRACTICES

36.  Answering paragraph 36 of the Complaint, Defendant makes reference to all of its prior answers to each and every paragraph incorporated by reference in paragraph 36 of the Complaint, and by this reference incorporates the same herein as though set forth in full.

37.  Answering paragraph 37 of the Complaint, Defendant alleges that the

DEFENDANT CBC FRAMING, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  Labor Code and Wage Orders speak for themselves and are the best evidence of their respective contents. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

38. Answering paragraph 38 of the Complaint, Defendant alleges that the California Unfair Trade Practices Act (California Business and Professions Code § 17000, et seq.), speak for themselves and are the best evidence of their respective contents. Defendant further denies that it owes Plaintiffs any alleged unpaid wages. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

39. Answering paragraph 39 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

40. Answering paragraph 40 of the Complaint, Defendant alleges that the California Unfair Trade Practices Act (California Business and Professions Code § 17000, et seq.), speak for themselves and are the best evidence of their respective contents. Except as expressly alleged herein, Defendant denies both generally and specifically the allegations contained in said paragraph.

41. Answering paragraph 41 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

42. Answering paragraph 42 of the Complaint, Defendant denies that it owes Plaintiffs any alleged unpaid wages. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

43. Answering paragraph 43 of the Complaint, Defendant alleges that

-8-

1  California Business and Professions Code § 17203, speaks for itself and is the best
2  evidence of its contents. Except as expressly alleged herein, Defendant lacks
3  sufficient information and belief to admit or deny the remaining allegations
4  contained in said paragraph, and on that basis, denies both generally and
5  specifically the allegations contained in said paragraph.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE § 226
## INADEQUATE PAY STATEMENTS

8   44.   Answering paragraph 44 of the Complaint, Defendant makes reference to all of its prior answers to each and every paragraph incorporated by reference in paragraph 44 of the Complaint, and by this reference incorporates the same herein as though set forth in full.

12  45.   Answering paragraph 45 of the Complaint, Defendant alleges that California Labor Code § 226, speaks for itself and is the best evidence of its contents. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

18  46.   Answering paragraph 46 of the Complaint, Defendant alleges that California Labor Code § 226, speaks for itself and is the best evidence of its contents. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

24  47.   Answering paragraph 47 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

26  48.   Answering paragraph 48 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

28  49.   Answering paragraph 49 of the Complaint, Defendant denies both

1 | generally and specifically the allegations contained in said paragraph.

50. Answering paragraph 50 of the Complaint, Defendant denies both generally and specifically the allegations contained in said paragraph.

51. Answering paragraph 51 the Complaint, Defendant alleges that <u>Labor Code § 226</u>eaks for itself and is the best evidence of its contents. Defendant further denies that Plaintiffs are entitled to attorneys' fees and/or costs in this action. Except as expressly alleged herein, Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in said paragraph, and on that basis, denies both generally and specifically the allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

Defendant is informed and believes and based thereon alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each of its purported claims for relief, fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. The Court lacks jurisdiction over the claims alleged in the Complaint or some of the claims alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred by the doctrines of exhaustion, abstention and/or primary jurisdiction in that Plaintiffs have not exhausted their available administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

4. To each claim for relief in the Complaint, Defendant alleges that recovery thereon is barred or diminished by reason of Plaintiffs' failure to mitigate their alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims for "waiting time" penalties under <u>Labor Code §§</u>

201-203 are barred because Defendant had a good faith belief that no such wages were owed and that all wages were properly paid.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims for "waiting time" penalties under Labor Code §§ 201-203 must fail because Defendant has not "willfully failed" to pay wages to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' claim for penalties under Labor Code § 226 is barred because Defendant did not "knowingly and intentionally" fail to comply with its requirements.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs lack standing to assert any of the claims in their Complaint.

### NINTH AFFIRMATIVE DEFENSE

9. The claims alleged in the Complaint against Defendant are barred in that Plaintiffs ratified by their conduct that all wages due were paid.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' actions constitute a total release and waiver of any and all claims which may have existed against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs, by reason of their acts, omissions, representations and courses of conduct by which Defendant was led to rely to its detriment, are barred from any recovery herein by virtue of the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiffs, by reason of their acts, omissions, representations and courses of conduct which indicate a waiver of any claims against Defendant, is barred from any recovery herein by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. If any equitable relief is claimed to be owed to the Plaintiffs as a

DEFENDANT CBC FRAMING, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

result of the Complaint on file herein, it is barred as a result of the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.   Plaintiffs would be unjustly enriched if they recovered any sums alleged in their Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.   The obligations set forth in Plaintiffs' Complaint were fully discharged by Defendant's payment to Plaintiffs of all wages due and were accepted by Plaintiffs in full payment of the obligation.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.   The Complaint and each and every claim for relief alleged therein is barred by all applicable statutes of limitation, including, but by no means limited to CCP §§ 337-343 and/or Business and Professions Code § 17208.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Should Plaintiffs recover damages from Defendant, Defendant is entitled to indemnification in whole or in part from all persons or entities whose conduct and/or fault proximately contributed to Plaintiffs' damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Defendant is informed, believes, and on that basis alleges that Plaintiffs agreed to accept and did in fact accept something different or less than that to which they claimed they were entitled to and thereby extinguished their original claim.   Such conduct bars them from any recovery herein under the doctrine of release, accord, satisfaction, ratification, and/or novation.

### NINETEENTH AFFIRMATIVE DEFENSE

19.   If Plaintiffs suffered or sustained any damage or injury, either as alleged in the Complaint or at all, the same was directly and proximately attributed to by the negligence, fraud, recklessness, carelessness, fault and unlawful conduct of Plaintiffs, and damages of Plaintiffs, if any, shall be reduced in proportion to

-12-

the amount of negligence and/or fault attributed to Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

20.  If Plaintiffs suffered or sustained any damage or injury, either as alleged in the Complaint or at all, the same was directly and proximately attributed to by the negligence, fraud, recklessness, carelessness, fault and unlawful conduct of other parties or entities, whether or not parties to this action, and damages to Plaintiffs, if any, shall be reduced in proportion to the amount of negligence and/or fault attributed to such other parties or entities, whether or not parties to this action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.  Defendant alleges that the actions of Plaintiffs in concealing their claim and not requesting or indicating additional hours were worked and wages were owed during their employment are guilty of laches which precludes Plaintiffs from pursuing this action under the doctrine of laches and estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.  Defendant is informed and believes and thereon alleges that some or all of Plaintiffs' claims have been satisfied or released.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.  Plaintiffs' action is barred since Defendant relied in good faith in conformity with and in reliance upon written guidelines, interpretations, and rules promulgated by the DLSE, Industrial Welfare Commission ("IWC"), United States Department of Labor ("DOL"), and upon the administrative practice and enforcement policies of the DLSE, IWC and DOL.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.  If Plaintiffs suffered any injury or damage, any alleged violation of California rules and regulations regarding minimum wage, record-keeping, and/or overtime requirements was made in good faith and Defendant had a reasonable ground for believing it was in compliance with the law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Defendant has not willfully or intentionally failed or refused to pay any sum owing to Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. If it is determined that Defendant failed to perform one or more of its obligations under any contract or agreement described in the Complaint, performance of each obligation was excused due to impossibility or impracticability in each instance.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendant alleges that as between Plaintiffs and Defendant, the equities do not preponderate in favor of Plaintiffs, and accordingly, Plaintiffs are barred from any recovery herein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Defendant's business practice of paying its employees is not "unlawful" or "unfair" within the meaning of Business and Professions Code § 17200 in that Defendant complied with all applicable statutes and regulations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. To the extent that Plaintiffs allege that one or more of Defendant's employees committed any unlawful act or omission, any such act or omission outside course and scope of employment; (2) was not condoned by this answering Defendant; (3) was undertaken without the knowledge or consent of this answering Defendant; and (4) was not the conduct of a class-based nature.

## THIRTIETH AFFIRMATIVE DEFENSE

30. Defendant overpaid Plaintiffs, and therefore would be entitled to offset by the amount of any overpayment of any sums that might be awarded in the above-entitled action to Plaintiffs.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs' claims for liquidated damages under the federal Fair Labor

DEFENDANT CBC FRAMING, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Standards Act ("FLSA") are barred because California laws and regulations regarding such penalties violate provisions of the United States Constitution and of the California Constitution, place an unreasonable burden on interstate commerce, and constitute unequal protection and denial of due process.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. The Complaint and each of its claims for relief is frivolous as to Defendant and Defendant is entitled to recover attorney's fees incurred in defending this action pursuant to CCP § 128.5, and other applicable laws.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet, unstated affirmative defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery and/or further investigation or research indicates that it would be appropriate.

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by their Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. For costs of suit incurred herein;
4. For reasonable attorneys' fees, including but not limited to fees mandated under Labor Code § 218.5; and

DEFENDANT CBC FRAMING, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

5. For such other and further relief as the Court may deem just and proper.

DATED: July 8, 2008

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Steven D. Atkinson
Mark T. Palin
Christopher S. Milligan
Attorneys for Defendants CBC FRAMING, INC. and JOHN VOJTECH

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial in this action.

DATED: July 8, 2008

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Steven D. Atkinson
Mark T. Palin
Christopher S. Milligan
Attorneys for Defendants CBC FRAMING, INC. and JOHN VOJTECH