ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Steven D. Atkinson      State Bar No. 59094
Mark T. Palin           State Bar No. 135398
Christopher S. Milligan State Bar No. 211532
17871 Park Plaza Drive
Cerritos, California 90703-8597
Telephone: (562) 653-3200 • (714) 826-5480
Facsimile: (562) 653-3333

Attorneys for Defendants CBC
FRAMING, INC. and JOHN VOJTECH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ MENDOZA, JAVIER CABRERA, AURELIANO FLORES,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN W. VOJTECH, CBC FRAMING, INC., A CALIFORNIA CORPORATION AND DOES 1-10,<br><br>Defendant. | CASE NO.:   C08 01675 HRL<br><br>[Assigned to Hon. Howard R. Lloyd for all purposes]<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER THEREON**<br><br>[Fed. R. Civ. Proc. 26]<br><br>Date:   July 22, 2008<br>Time:   1:30 p.m.<br>         450 Golden Gate Ave.<br>         Courtroom 10, 19th Floor<br>         San Francisco, CA 94102<br><br>Complaint Filed:   3/27/08 |

TO THE HONORABLE HOWARD R. LLOYD, MAGISTRATE JUDGE FOR THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT, FOR THE STATE OF CALIFORNIA:

Pursuant to Fed. R. Civ. Proc. 26(f) and Local Rule 16-9, counsel for Plaintiffs and Defendants met by telephone on June 23, 2008. Plaintiffs JESUS MARTINEZ MENDOZA, JAVIER CABRERA, and AURELIANO FLORES ("Plaintiffs") were represented at the meeting by and through their legal counsel James Dal Bon, of the Law Offices of James Dal Bon; Defendants CBC

FRAMING, INC. and JOHN W. VOJTECH ("Defendants") were represented at the meeting by and through their legal counsel Mark T. Palin and Christopher S. Milligan, of the law firm of Atkinson, Andelson, Loya, Ruud & Romo. The Parties hereby submit the following Joint Case Management Conference Statement.

1. **Jurisdiction/Venue**

Plaintiffs do not include jurisdictional allegations in their Complaint, but allege that jurisdiction in this matter arises under the Fair Labor Standards ("FLSA") and that the Court's has supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs further allege that venue is proper because Plaintiffs performed the majority of their work in San Ramon, Contra Costa County, California.

2. **Facts**

Plaintiffs allege that they were employees of Defendants and regularly worked in excess of 8 hours in a day and 40 hours in a week without properly being paid overtime.

Defendants deny that Plaintiffs worked any unpaid overtime. Defendants further deny that Plaintiffs were employees of the individual defendant, John Vojtech ("Vojtech"). Plaintiffs have recently agreed to dismiss Vojtech without prejudice.

3. **Legal Issues**

Plaintiffs allege that they were employees of Defendants and regularly worked in excess of 8 hours in a day and 40 hours in a week without properly being paid overtime. Plaintiffs seek unpaid overtime under the FLSA and California law, liquidated damages under FLSA, "waiting time" penalties, interest, attorneys' fees and costs.

Defendants deny that Plaintiffs are owed any unpaid overtime, damages, liquidated damages, "waiting time" penalties, interest, attorneys' fees and/or costs.

1  Defendants also deny that Plaintiffs were employees of the individual defendant,
2  Vojtech, or that Vojtech can otherwise be held liable for alleged unpaid wages,
3  damages, penalties, interest, attorneys' fees and/or costs. Plaintiffs have agreed to
4  dismiss Vojtech without prejudice.

5      4.  **Motions**

6  Plaintiffs do not currently anticipate filing a dispositive motion but reserve
7  the right to file a motion for summary judgment and/or partial summary
8  adjudication.

9  Defendants plan to file a motion for summary judgment and/or partial
10 summary adjudication.

11 Both Parties reserve the right to file any necessary discovery motions, or
12 any other necessary motion, although neither party currently anticipates such
13 necessity.

14     5.  **Amendment of the Pleadings**

15 Plaintiffs have agreed to dismiss Vojtech without prejudice. Plaintiffs do
16 not anticipate any further amendments to the Complaint.

17     6.  **Evidence Preservation**

18 The Parties agree that they will take any necessary steps to preserve
19 evidence related to the issues evidence in this action, and will interdict any
20 document destruction program and/or any ongoing erasures of emails, voicemails,
21 and/or other electronically recorded material.

22     7.  **Disclosures**

23 The Parties agree that they will timely and fully comply with the initial
24 disclosure requirements of Fed. R. Civ. Proc. 26(a), and will disclose all items set
25 forth therein.

26     8.  **Discovery**

27 The Parties have not yet engaged in any discovery processes. The Parties
28 anticipate that discovery will encompass all of the Parties' various claims and

defenses. Pursuant to Fed. R. Civ. Proc. 26(f), the following is the Parties' proposed discovery plan:

(1) <u>Changes in Timing, Form or Requirement for Initial Disclosures</u>: The Parties do not believe that any changes are necessary in the timing, form or requirement for the initial disclosures required by Fed. R. Civ. Proc. 26(a).

(2) <u>Subjects on Which Discovery May Be Needed</u>: The Parties believe that discovery will encompass all of the Parties' various claims and defenses, including Plaintiffs' claim that they are owed unpaid overtime wages and any related claims.

<u>Completion of Discovery</u>: The Parties agree that the discovery cut-off should be May 1, 2009;

<u>Conduct of Discovery in Phases</u>: The Parties agree that discovery need not be conducted in phases or be limited to or focused upon certain issues.

(3) <u>Changes in Limitations on Discovery</u>: The Parties agree that no changes are needed to the limitations imposed by the Fed. R. Civ. Proc. or Local Rules. The Parties further agree that no other limitations need be imposed.

9. **Class Actions**

Not applicable. The Parties agree that this case is not a class action.

10. **Related Cases/Proceedings**

The Parties are unaware of any related cases or proceedings.

11. **Relief**

Plaintiffs seek the following relief: compensatory damages per <u>Labor Code</u> § 1194 for alleged unpaid overtime wages, liquidated damages per the FLSA, restitution of alleged unpaid overtime per <u>Business & Professions Code</u> § 17203;

waiting time penalties per Labor Code § 203, damages and penalties for alleged inadequate pay statements per Labor Code § 226, pre-judgment interest, and attorneys' fees and costs.

Defendants seek the following relief: that Plaintiffs should take nothing by way of their Complaint, dismissal of Plaintiffs' Complaint in its entirety with prejudice, and attorneys' fees and costs.

12. **Settlement and ADR**

Pursuant to ADR Local Rule 3-5, the Parties met and conferred on June 23, 2008. The Parties believe that the prospects for settlement are good. The Parties agreed to court-sponsored mediation. The Parties will file an ADR certification to this effect concurrently with or prior to the filing of this Joint Case Management Conference Statement.

13. **Consent to Magistrate Judge**

The Parties consent to proceed before U.S. Magistrate Judge Howard R. Lloyd for all purposes.

14. **Other References**

The Parties have not agreed to a reference to binding arbitration, special master or the Judicial Panel on Multipanel Litigation.

15. **Narrowing of Issues**

The Parties have not agreed to a narrowing of issues.

16. **Expedited Schedule**

The Parties do not agree that this case can be handled on an expedited basis with streamlined procedures.

17. **Scheduling**

The Parties propose the following scheduling dates:

    (A)    Designation of Experts: March 1, 2009;

    (B)    Discovery Cutoff: May 1, 2009;

    (C)    Dispositive Motion Hearing Cut-off: June 2, 2009;

      (D)   Pre-trial Conference: July 6, 2009; and

      (E)   Trial: July 20, 2009.

18. **Trial**

Plaintiffs filed a Jury Demand at the time they filed their initial Complaint.

19. **Non-Party Interested Entities or Persons**

Plaintiffs have not yet filed a Certification of Non-Party Interested Entities or Persons but will do so prior to the July 22, 2008 Case Management Conference.

Defendant CBC Framing, Inc. will file its Certification of Non-Party Interested Entities or Persons at the time of the filing its response, which is currently due on or before July 8, 2008 pursuant to the stipulation of the Parties.

Respectfully submitted,

DATED: July 8, 2008      LAW OFFICES OF JAMES DAL BON

By: s/James Dal Bon
Attorneys for Plaintiffs

DATED: July 9, 2008      ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: s/Christopher S. Milligan
Attorneys for Defendants

**[PROPOSED] CASE MANAGEMENT ORDER**

The Parties' Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order. In addition the Court orders:

_____.

**IT IS SO ORDERED.**

Dated: _____

_____
United States Magistrate Judge